No. 10,018.

OKEY v. JONES ET AL.

Decided April 4, 1921.   Rehearing denied May 2, 1921.

Action by real estate brokers for commission.   Judgment for plaintiffs.

## Reversed.

1. PLEADING—*Complaint.*   Allegations of the complaint in an action to recover a commission for the sale of real property, reviewed and held to state a cause of action.

2. APPEAL AND ERROR—*Directed Verdict—Disputed Questions of Fact.* It is error for the trial court to direct a verdict, where the evidence, upon a material question involved in the action, is conflicting.

3.   *Assignments of Error—Party not Complying With Court Rules.* Assignments of error which are not in compliance with the rules of the appellate court, will not be considered on review.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Mr. JOHN L. STIVERS, for plaintiff in error.

Mr. HUGO SELIG, Mr. RALPH C. WALDO, for defendants in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS was an action brought by defendants in error against U. S. Okey to recover a commission for services rendered as real estate brokers.

The complaint alleges that plaintiff in error employed Jones and Wilkerson, co-partners under the name of the Jones Realty Company, to procure a purchaser for a ranch in Montrose County, and agreed to pay defendants in error five per cent. commission on the selling price, and that thereafter the defendants in error procured and produced

one Leslie M. LaForce, who was ready, willing and financially able to purchase the same on terms agreeable to plaintiff in error, and that thereafter, on the 9th day of December, 1918, plaintiff in error and the said LaForce executed a written contract of sale of said premises. Upon the trial, at the conclusion of the testimony, the court directed a verdict for the plaintiffs, as prayed for in the complaint. The defendant brings error.

Plaintiff in error contends that the complaint does not state facts sufficient to constitute a cause of action and that the court erred in not sustaining his motion for a non-suit. We think there is no merit in this contention. We have carefully examined the bill of exceptions and we find that the evidence of the defendants in error clearly sustains every material allegation of the complaint.

The testimony of the defendants in error was to the effect that the plaintiff in error agreed to pay them a five-per cent. commission, but the plaintiff in error in his deposition, which was read to the jury, testified that he never at any time agreed to pay a commission of five per cent. or any other amount. With this conflict of the testimony on this point, the case should have been submitted to the jury for their determination of that fact.

In the fourth assignment of error the plaintiff in error has not complied with Rule 31 of this Court, and we therefore decline to consider that assignment.

Reversed and remanded for new trial.

MR. JUSTICE TELLER and MR. JUSTICE DENISON concur.